**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

JEREL L. BELL,

Plaintiff,

v.

HOLTON TERRACE LLC and CASANDRA MCELROY,

Defendants.

Case No. 26-CV-895-JPS

**ORDER**

## 1. INTRODUCTION

In May 2026, Plaintiff Jerel L. Bell ("Bell"), proceeding pro se, filed this action alleging that Holton Terrace LLC ("Holton") and Casandra McElroy ("McElroy") (together, "Defendants") operated Bell's apartment complex and failed to maintain the safety of Bell's apartment. ECF No. 1. Bell has also moved for leave to proceed without prepaying the filing fee, also known as in forma pauperis. ECF No. 2. This Order screens Bell's complaint.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

"The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject-matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

For the reasons stated in the next section, it is not yet clear whether Bell's complaint meets the 28 U.S.C. § 1915(e)(2) criteria. Accordingly, the Court will defer considering whether Bell's financial circumstances entitle Bell to proceed in forma pauperis until it has had a reasonable opportunity to assess whether Bell can amend the complaint such that it meets the § 1915(e)(2) criteria.

## 3. SCREENING THE COMPLAINT

### 3.1 Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, FED. R. CIV. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke,* 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll*., 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 3.2 Bell's Factual Allegations

Bell alleges that McElroy failed to keep Bell safe in Holton Terrace, an apartment building run by the Housing Authority of the City of Milwaukee.[1] *See* ECF No. 1 at 1; *All Properties*, HOUS. AUTH. OF THE CITY OF MILWAUKEE, https://www.hacm.org/Home/Components/FacilityDirectory /FacilityDirectory/1024/54 (https://perma.cc/RGU9-XGJA) (last visited July 6, 2026) (indicating that the Housing Authority of the City of Milwaukee oversees the Holton Terrace property); *Ambrosetti v. Or. Cath. Press,* 458 F. Supp. 3d 1013, 1017 n.1 (N.D. Ind. 2020) ("[T]he Court may take judicial notice of public record information obtained from an official government website." (citing *Betz v. Greenville Corr. Inst.*, No. 14-cv-104-MJR, 2014 WL 812403, at *1 (S.D. Ill. Mar. 3, 2014); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003); and *Laborer's Pension Fund v. Blackmore Sewer Constr., Inc.*, 298

[1]After identifying Holton Terrace as the defendant, Bell writes "c/o HACM." ECF No. 1 at 1. The Court presumes that this abbreviation refers to the Housing Authority of the City of Milwaukee.

F.3d 600, 607 (7th Cir. 2002))). Bell's complaint does not clearly lay out a precise series of events or McElroy's formal role at Holton Terrace. *See generally* ECF No. 1. Generally, Bell alleges that McElroy failed to relocate Bell after Bell requested a relocation, and McElroy permitted a friend to live rent-free in a vacant unit for four months. *See id.* at 3. Bell alleges that these actions led to an armed intruder entering the building, attacking Bell, and injuring Bell. *See id.* at 2–3. Bell alleges that McElroy did not file a report or investigate this attack. *See id.*

Bell mentions a court trial on March 20, 2024, but does not provide a case number or explain how that trial relates to Bell's allegations here. *See id.* at 3. Bell also cites a report from a physician (writing "see [a]ttach[ed] [r]eport from [p]hysician") but does not attach any exhibits to her complaint. *See id.* at 4. Bell asks the Court to remove an eviction off Bell's record and place Bell back on rental assistance with a new apartment. *Id.* Bell also requests a "settlement for the long-term damage" to Bell's life, body, and mental health. *Id.*

### 3.3 Analysis

Federal courts have jurisdiction over cases (1) that arise under the United States Constitution or federal law, or (2) in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1331 and 1332(a); U.S. CONST., Art. III, § 2. Generally, unless a federal statute provides otherwise, negligence (also known as "tort") claims arise under state law. *Daniels v. Williams*, 474 U.S. 327, 332–33 (1986); *see Dewey v. Wachholz*, No. 24-CV-346-JPS, 2024 WL 3043459, at *2 (E.D. Wis. June 18, 2024) ("Plaintiff may state a state-law negligence claim. However, in the absence of a federal claim, the Court cannot exercise supplemental jurisdiction over a state-law negligence claim."). To state a federal claim under 42 U.S.C. § 1983, a plaintiff must

show "(1) an action taken [by a state actor] under color of law (2) which violates his federal constitutional rights." *Cunningham v. Southlake Ctr. for Mental Health, Inc.*, 924 F.2d 106, 107 (7th Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)).

Bell may state a state-law negligence claim against Defendants. However, nothing in Bell's complaint suggests that such a negligence claim arises under the United States Constitution or federal law. Bell does not allege a violation of a constitutional right. The Court therefore cannot proceed under federal question jurisdiction. And the Court cannot proceed under diversity jurisdiction, either, because all parties are Wisconsin citizens. ECF No. 1 at 1; 28 U.S.C. § 1332(a)(1).

Courts generally must permit civil plaintiffs at least one opportunity to amend their pleadings. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). The Court will grant Bell leave to amend the complaint to allege facts that state a basis for federal subject-matter jurisdiction—for example, facts that bring Bell's claims under the United States Constitution, the Civil Rights Act, the Fair Housing Amendments Act, or another federal statute. *See Pittman v. Viamonte Invs. Grp., LLC*, 855 F. App'x 292, 296–97 (7th Cir. 2021). If Plaintiff cannot demonstrate a basis for federal subject matter jurisdiction, then the case must be dismissed.

**4. CONCLUSION**

For the reasons stated above, the Court will grant Plaintiff leave to file an amended complaint that addresses the deficiency explained in this Order. Any amended complaint must be filed on or before **October 6, 2026**. Failure to file an amended complaint within this period may result in

dismissal of this action without prejudice. The Court is enclosing a copy of its amended complaint form and instructions.

Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and Defendants with notice of what Defendants allegedly did or did not do to violate his rights.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) and *Barnett v. Daley*, 32 F.3d 1196, 1198 (7th Cir. 1994)). In such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, any amended complaint must include **all** of the allegations and claims (including those from the original complaint) that Plaintiff wishes to make in a single filing without reference to other documents.

If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915 and address Plaintiff's motion for leave to proceed in forma pauperis.

Accordingly,

**IT IS ORDERED** that on or before **October 6, 2026**, Plaintiff Jerel L. Bell shall file an amended complaint using the provided form and in accordance with the instructions provided herein; failure to do so will result in dismissal of this action without prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank non-prisoner amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.